**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**FRANCES "PAT" LADNER**                                                                  **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:06CV90 LTS-RHW**

**DORMAN DAVIS and**
**STATE FARM FIRE AND CASUALTY**
**INSURANCE COMPANY**                                                                **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiff Frances Ladner's (Ladner) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Ladner was a policy holder insured by Defendant State Farm Fire and Casualty Insurance Company (State Farm) and that Defendant Dorman Davis (Davis) was the agent through whom Ladner purchased her State Farm policy.

According to the allegations of the complaint, Ladner's insured residential property is situated in a flood zone, three blocks from the beachfront in Hancock County, Mississippi. Ladner alleges that Davis sold her a State Farm homeowners policy and assured her that the policy would cover all damages caused by a hurricane, including damages caused by wind and water. Ladner alleges that she notified Davis that her house was in a flood zone, that she asked Davis whether water damage from a hurricane would be covered under her homeowners policy, and that Davis assured her that these damages would be covered. Ladner asserts that she made specific inquiry whether she should purchase separate flood insurance coverage and that Davis told her such coverage would not be necessary. Davis denies these allegations.

## Legal Theory Supporting Removal - Fraudulent Joinder

State Farm's citizenship is diverse from Ladner's; Davis's citizenship is not. If Davis is a properly-named defendant, the Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that Ladner has fraudulently joined Davis as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, the court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

## Allegations of the Complaint

Ladner has alleged that when she purchased her homeowners insurance policy, Davis told her that the homeowners policy she was buying provided coverage for damages sustained during a hurricane whether the damages were caused by wind or by water. Ladner contends that Davis was negligent in making these representations and descriptions of the coverage afforded by the State Farm policy.

Ladner also contends that Davis was negligent in advising her that separate flood insurance coverage was not necessary to cover losses from water damage during a hurricane, despite this being an excluded peril under the State Farm homeowners policy in question.  Ladner has alleged that she notified Davis that her house was in a flood zone and that she made specific inquiry concerning the advisability of purchasing a flood insurance policy.  According to Ladner, Davis advised her against purchasing separate flood coverage.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit Ladner's theory of recovery and allegations against Davis.

An actionable negligent misrepresentation may occur even in circumstances where there is no legal duty underlying the representation. In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Ladner argues that when all of the circumstances surrounding her purchase of the State Farm policy are taken into consideration, they lead to the conclusion that Davis failed to exercise reasonable care. As I appreciate Ladner' theory of liability with respect to Davis, Ladner contends: that she advised Davis that her property was in a flood zone; she asked Davis whether she needed to purchase flood insurance; Davis assured her that her State Farm policy covered both wind and water damage in the event of a hurricane; and Davis advised her against purchasing separate flood insurance. Ladner's theory of recovery against Davis is based on Ladner's contention that Davis was negligent in these circumstances.

Of course, the truth of Ladner's allegations; the circumstances in which Davis's alleged representations were made; the question of whether Davis failed to properly advise Ladner concerning flood coverage; the question whether Ladner can prove that her losses were proximately caused by Davis's actions or inaction, and the question whether Davis's conduct was negligent, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Ladner's allegations must be accepted as true; she must be granted all reasonable inferences in favor of her theory of recovery; and any doubtful issues of state law must be resolved in her favor.

Without venturing any opinion on the merits of Ladner's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Davis and State Farm have failed to establish that Ladner has no viable legal theory upon which she may proceed against Davis. Under applicable Mississippi law, an insurance agent is under a duty to exercise reasonable care in

procuring the coverage that has been requested by a customer. *Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). Negligence is a quintessential question of fact which must, at this juncture, be resolved in favor of the plaintiff.

Davis and State Farm contend that even if Davis made the representations Ladner has alleged, and even if those representations were negligent and were reasonably relied upon by Ladner to her detriment, any remedy is now time barred, the representations having been made more than three years before this action was filed. In support of this defense, State Farm and Davis rely upon the holding of *Howard v. Citifinancial*, 195 F.Supp.2d 811 (S.D. Miss. 2002). While the *Howard* case establishes that a claim for fraudulently inducing the purchase of an insurance contract is time barred three years after the contract is purchased, Ladner is not pursuing that legal theory. Ladner is not seeking to invalidate her insurance contract on the grounds that it was procured by fraud or by Davis's alleged misrepresentation. Ladner's claim sounds in tort. It is a negligence claim, and as such, it did not accrue until Ladner suffered damages as a result of the negligent acts she alleges or until she could have discovered the negligence by the exercise of ordinary care. *See: Smith v. Sneed*, 638 So.2d 1252 (Miss.1994). At this juncture, Ladner is entitled to have all doubtful issues of law resolved in her favor, including the legal issue of when her cause of action accrued.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 26th day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge