**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**


**FRANCES "PAT" LADNER**                                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.1:06CV090 LTS-RHW**

**DORMAN DAVIS and**
**STATE FARM FIRE AND CASUALTY COMPANY**                          **DEFENDANTS**


**MEMORANDUM OPINION**
**DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

The Court has before it the motion [13] of Defendants State Farm Fire and Casualty Company (State Farm) and Dorman Davis (Davis) for reconsideration of the opinion [10] and order [11] entered on July 27, 2006, granting the plaintiff's motion to remand. For the reasons set out below, this motion will be denied.

State Farm's motion is based on two contentions:

1.    That the plaintiff's claims for negligent misrepresentation are invalid as a matter of law; and

2.    That the plaintiff's claims against Davis, the non-diverse defendant, are time barred;

**The Basis for the Order of Remand and the Applicable Legal Standard**

In considering whether removal of this action on grounds of diversity of citizenship, I am required to give the plaintiff the benefit of the doubt on both issues of fact and issues of law. As I read the complaint, misrepresentation of the terms of the State Farm policy, i.e. the assurances, allegedly given by Davis, that this policy would cover "all damages she [the plaintiff] might sustain as a result of a Hurricane" (Complaint Paragraph VIII), is only one of the grounds on which a right of recovery has been asserted.

The complaint, read broadly, as is required in these circumstances, also charges that Davis was negligent in not recommending flood insurance. In support of this allegation, the plaintiff asserts that she notified Davis that her home was in a "flood zone and a velocity zone," (Complaint Paragraph IV) and that she brought the issue of flood insurance to Davis's attention on three occasions. The plaintiff has alleged these facts in support of a negligence-based theory of recovery, i.e. that Davis's failure to recommend flood coverage in these circumstances constitutes actionable negligence.

The plaintiff alleges that in light of her relationship with Davis, and in light of all the circumstances at the time Davis sold her the State Farm homeowners policy, Davis should also have recommended that the plaintiff purchase flood insurance.

At this juncture, I have no idea what the evidence will be in support of and in opposition to the plaintiff's theory of her case.  I have no evidence in the record concerning the standard of care that applies to Davis; I have no evidence of the circumstances surrounding the sale of this policy; I have no evidence of the relationship between the parties; I have no evidence of the proximity of the insured property to the source of the water that apparently inundated this property.  These are issues that are not addressed by Davis's affidavit.

In order to sustain the defendants' position, I would have to disregard the allegations of the complaint, and not only accept the substance of Davis's affidavit as true, but also grant Davis all the favorable inferences necessary to reach a conclusion that, as a matter of law, he was not negligent.  This would require that I find all of these unknowns (the standard of care; the circumstances surrounding the sale of the policy; the relationship between the parties; and the location of the property) were such that a reasonable insurance agent would not have recommended to the plaintiff that she purchase flood insurance.  This is something I do not believe to be appropriate on the record before me, or at this stage in these proceedings.

There is a genuine issue of material fact concerning whether the conversations alleged in the complaint took place and, if so, what the substance of the conversations were, what the circumstances were, what the relationship between the parties was, and where the property was situated with respect to the risk in question.  There is also an ultimate issue of fact whether Davis was negligent in not recommending that the plaintiff purchase flood coverage.  The plaintiff's allegations are sufficient, at least in theory, to state a cause of action for negligence against both Davis.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Whether the duty of reasonable care makes it incumbent on an agent to advise a customer concerning the amounts and types of coverage the customer should purchase is a question of fact that depends on the relationship between the agent and the customer, the circumstances and course of dealings between them, and many other facts which may have a bearing on this issue, including the applicable standard of care.  These are all fact-specific inquiries.

With respect to the issue of diversity jurisdiction, the sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiff all favorable inferences of fact in support of her theory of recovery, the plaintiff has a reasonable probability of establishing a right of recovery against Davis individually.  In making this inquiry, I must not only accept all the substantive allegations

of the Complaint as true and grant all inferences favorable to the plaintiff's theory of recovery, but I must also resolve all doubtful issues of law in the plaintiff's favor. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage.  If the plaintiff can substantiate the allegations she has made against Davis, and if the plaintiff can also establish that the standard of care applicable to Davis required that he recommend flood coverage, there is at least a reasonable probability that the plaintiff would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

These are big "ifs," but the merits of the plaintiff's claim against Davis are not before me at this point.  I express no opinion on the ultimate resolution of this claim, but I am satisfied that the plaintiff's allegations are sufficient to withstand a motion to dismiss or a motion for summary judgment based on the record in its present state.

Davis's affidavit does not establish that he is entitled to judgment as a matter of law.  His affidavit does not negate the plaintiff's theory that reasonable care required that Davis recommend flood coverage.  Thus, I find that the complete diversity of citizenship necessary to establish subject matter jurisdiction under 28 U.S.C. §1332 is lacking in this action.

### The Statute of Limitations

In the context of deciding an issue of fraudulent joinder, it is the defendants who have the burden of proving that the plaintiffs' claims against the non-diverse defendants are not viable.  With respect to the issue of the statute of limitations, I can find no authority which establishes the date the statute begins to run on a negligence claim in the circumstances alleged in this complaint.  The cases cited by the defendants do establish a date on which claims for negligent misrepresentation accrue, but that is not the plaintiff's only theory of recovery.

Because the plaintiff has asserted a theory of recovery against Davis (and State Farm) based on allegations of negligence, her cause of action may not have accrued on the date of the conversations she has alleged.  Her cause of action may have accrued on the date she knew or should have known that the misconduct she alleges had taken place.  In some circumstances, a cause of action for negligence may not accrue until the plaintiff suffers damages from the misconduct.  This is an issue of law that must be answered on a more fully-developed record than the one now before me. I find that this issue is one on which the plaintiffs are entitled to the benefit of the doubt at this juncture.

**Alleged Misrepresentations Compared with Policy Provisions**

State Farm asserts that any representation made by one of its agents can never be actionable if the representation conflicts with the written terms of the policy.  This is a defense to the merits of the plaintiff's theory of recovery based on negligent misrepresentation.  This legal theory is distinct from the plaintiff's theory of negligence against Davis.  Since I have determined that the plaintiff's negligence theory is at least arguably valid, I do not have subject matter jurisdiction of this action.  In the absence of subject matter jurisdiction, I am not empowered to rule on the merits of this defense or any other substantive issue in this case.

Simply put, this defense must be decided by the state court as part of the decision on the merits of this lawsuit.  Even without this impediment, I would be very reluctant to make the very broad ruling State Farm seeks on the bare bones record before me.

I express no opinion on the merits of this defense, and I leave it to the court that has subject matter jurisdiction to make this determination.

Accordingly, I will deny the motion for reconsideration [13].  An appropriate order will be entered.

Decided this 29th day of November, 2006.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge